UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In Re

**Davis Properties, LLC**

Debtor(s)

) Case No. __18-34413-tmb11__
)
) **Notice of Intent to Sell Real or**
) **Personal Property, Compensate Real Estate**
) **Broker, and/or Pay any Secured Creditor's Fees**
) **and Costs; Motion for Authority to Sell Property**
) **Free and Clear of Liens; and Notice of Hearing**
) [Note: Do not use to sell personally identifiable
) information about individuals.]

**NOTICE IS GIVEN THAT** _____**Davis Properties, LLC**_____, the _____**Debtor**_____ (i.e., debtor, trustee, etc.), intends to sell the property described below and moves for authority to sell the property free and clear of liens pursuant to 11 U.S.C. § 363(f). The movant's name, address, and telephone # are: **Davis Properties, LLC, c/o Ava L. Schoen, Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204** .

If you wish to object to any aspect of the sale or fees disclosed in paragraph 7 or paragraph 15, you must:

(1) Attend the hearing set in paragraph 16 below; and

(2) Within 21 days of the later of the date next to the signature below or the service date in paragraph 17 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401:

(a) a written response stating the specific facts upon which the objection is based, and

(b) a certificate of service of the response on the movant.

This document shall constitute the notice required by Local Bankruptcy Rule (LBR) 2002-1. All sections must be completed.

1. The specific subsections of 11 U.S.C. § 363(f) movant relies upon for authority to sell the property free and clear of liens are:
   **363(f)(1) and (3)**
2. Buyer's name & relation to debtor:
   **Watumull Properties Corp. No relation to debtor**

3. General description of the property: [If real property, state street address here. Also attach legal description as an exhibit to the notice filed with the court.]
   **461 NE 3rd Avenue, Canby, Clackamas County, Oregon. See attached Exhibit A for legal description.**

760.5 (12/1/2018)                    Page 1 of 4

4. A copy of the full property description or inventory may be examined or obtained at:
   **See attached Exhibit A.**


5. The property may be previewed at: [Include time and place.]
   **N/A**


6. Other parties to the transaction and their relationship to the debtor are:
   **N/A**



7. The gross sales price is: $ **2,000,000** .

   All liens on the property total $ **1,119,211.38** , of which movant believes a total of $**any amount not allowed by the Court**need not be paid as secured claims (because the lien is invalid, avoidable, etc., the lienholder consents to less than full payment, or part or all of the underlying debt is not allowable).

   Secured creditor(s) also seek(s) reimbursement of $ **unknown** for fees and costs.

   Total sales costs will be: $**unknown** .

   All tax consequences have been considered and it presently appears the sale will result in net proceeds to the estate after payment of valid liens, fees, costs and taxes of approximately: $ **880,788.62** .

8. The sale ☒ is ☐ is not (mark one) of substantially all of the debtor's assets. Terms and conditions of sale:
   **Purchase Price of $2,000,000. Due diligence period of 30 days from and after August 13, 2019,   Buyer to make a deposit of $50,000 upon completion of due diligence. Closing to occur on the later of September 20, 2019 or within 10 days of the due diligence period having run.**

9. Competing bids must be submitted to the movant no later than _____**N/A**_____(date), and must exceed the above offer by at least _____**N/A**_____, and be on the same or more favorable terms to the estate.

10. Summary of all available information regarding valuation, including any independent appraisals:
    **Real estate broker listing price of $2,275,000.**

11. If paragraph 7 indicates little or no equity for the estate, the reason for the sale is:
**N/A**

and expenses and taxes resulting from the sale will be paid as follows:

12. (Ch. 11 cases only) The reason for proposing the sale in advance of approval of a plan of reorganization is:
**The sale of the property will pay all creditors and administrative expenses in full.**

13. The following information relates to lienholders (who are listed in priority order):

| Name | Service Address (See FRBP 7004) | Approximate Lien Amount | Indicate Treatment at Closing (i.e. Fully Pd., Partially Pd., or Not Pd.) |
|---|---|---|---|
| **Clackamas County** | **Tami Little, County Assessor 150 Beavercreek Rd. Oregon City, OR 97045** | **$82,429.41** | **Fully Paid** |
| **Thomas Young** | **11504 NE 266th St. Battleground, WA 98604** | **$1,036,781.97** | **Fully Paid** |
| | | | |

14. Any liens not fully paid at closing shall attach to the sale proceeds in the same order of priority they attach to the property. Any proceeds remaining after paying liens, expenses, taxes, commissions, fees, costs or other charges as provided in this motion, shall be held in trust until the court orders payment.

15. (If real property) The court appointed real estate broker, **Capacity Commercial Group and T.N. Tolls Company**, will be paid **from the sale of the property** .

16. A hearing on this motion and any objections to the sale or fees is scheduled as follows:
Date: **09/12/2019** Time: **11:00 am** Location: **US Bankruptcy Court, Courtroom #4, 1050 SW Sixth Avenue, Portland, OR 97204**
Testimony will be received if offered and admissible. If no timely objection is filed, the hearing may be cancelled, and an order submitted. Parties are encouraged to check the hearing calendar at https://www.orb.uscourts.gov after the objection deadline has passed.

17. I certify that on **08/16/2019** this document was served, pursuant to FRBP 7004, on the debtor(s), trustee (if any), U.S. Trustee, each named lienholder at the address listed above, the creditors' committee chairperson (if any), and their attorneys; and [unless movant is a chapter 7 trustee] that it was also sent on that date, pursuant to FRBP 2002(a), to all creditors and all parties as listed in the court's records that were obtained on **08/16/2019** , a copy of which is attached to the document filed with the court.

18. For further information, contact: **Ava L. Schoen, Tonkon Torp, LLP,**
    **888 SW Fifth Avenue, Suite 1600, Portland, OR 97204** .

Date: **08/16/2019**     **/s/ Ava L. Schoen, Attorney for Debtor**
                          Signature & Relation to Movant
                          **461 NE 3rd Ave., Canby OR 97013**          **(-2662)**
                          (If debtor is movant) Debtor's Address & Taxpayer ID#(s)(last 4 digits)

Case 18-34413-tmb11    Doc 71    Filed 08/16/19

# EXHIBIT A
## LEGAL DESCRIPTION

## NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY, COMPENSATE REAL ESTATE BROKER, AND/OR PAY ANY SECURED CREDITOR'S FEES AND COSTS; MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS; AND NOTICE OF HEARING

A tract of land situated in the Philander Lee D.L.C. No. 56 in Section 33, Township 3 South, Range I East of the W.M., more particularly described as follows:

Beginning at an old 3/4 inch iron pipe found on the northerly line of the S.P.R.R. Co. right-of-way , which is the southwest comer of a tract of land conveyed to Package Containers , Inc., an Oregon Corporation , by deed (recording Fee No. 70 197) which is North 63E East 266 .0 feet and South 26E 58' East 631.48 feet from the southeast intersection of Third and "H" Streets of the H. A. Lee Addition to the City of Canby, Oregon; thence North 26E 58' West 321.48 feet to the most westerly comer of a tract described in deed to Georgia-Pacific Corporation, a Georgia Corporation, recorded September 17, 1985, Fee No 85 32732; thence along the northwesterly line of said Georgia¬ Pacific Corporation Tract North 63E 00' East 178.17 feet to the true point of beginning of the tract to be described; thence Northwesterly 310 feet, more or less, to a point in the southerly line of N.E. Third Avenue which bears North 63E East 60.33 feet along said southerly line from the westerly boundary of a tract of land conveyed to Package Containers, Inc., an Oregon corporation , by deed recorded January 5, 1970, Fee No. 70 197; thence North 63E East along the southerly line of Third Avenue, 170.67 feet to the northwesterly corner of a 25 foot wide tract of land described in deed to Charles A. Tucker, recording Fee No. 71 10210; thence South 26E 58' East along the southwesterly line of said Tucker tract _ 10.0 feet to the Northwesterly line of the aforementioned Georgia-Pacific Corporation tract ; thence South 63E 00' West 170.83 feet, to the true point of beginning.

040409/00001/9917014v1

1   Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
       Direct Dial: 503.802.2013
2      Fax: 503.972.3713
       E-Mail: albert.kennedy@tonkon.com
3   Ava L. Schoen, OSB No. 044072
       Direct Dial: (503) 802-2143
4      Facsimile: (503) 972-3843
       E-Mail: ava.schoen@tonkon.com
5   TONKON TORP LLP
    888 SW Fifth Avenue, Suite 1600
6   Portland, OR 97204-2099

7       Attorneys for Debtor

8

9

10                  UNITED STATES BANKRUPTCY COURT

11                        DISTRICT OF OREGON

12  In re                              Case No. 18-34413-tmb11

13  Davis Properties, LLC,             **DEBTOR'S MOTION FOR ORDER
                                       APPROVING SALE OF DEBTOR'S
14                        Debtor.      ASSETS FREE AND CLEAR OF
                                       LIENS, CLAIMS, AND
15                                     ENCUMBRANCES**

16              Davis Properties, LLC, Debtor and Debtor-in-Possession ("Debtor"), moves

17  this Court for an order approving the sale of Debtor's real property free and clear of all liens,

18  claims, interests and encumbrances to Watumull Properties Corp. ("Watumull") or, to the

19  extent the sale to Watumull does not close, to an alternative buyer so long as the purchase

20  price is sufficient to pay all creditors in full.

21                              **INTRODUCTION**

22              1.     Debtor filed its voluntary petition for relief under Chapter 11 of the

23  Title 11 of the United States Code ("Bankruptcy Code") on December 19, 2018 ("Petition

24  Date").

25              2.     Debtor is currently operating its business and managing its property as

26  Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**Page 1 of 7** -   DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS
                    FREE & CLEAR OF LIENS, CLAIMS, & ENCUMBRANCES

**JURISDICTION**

2        3.      This Court has subject matter jurisdiction to consider this matter

3  pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is properly before this Court pursuant to

4  28 U.S.C. §§ 1408 and 1409.

5        4.      The statutory predicates for the relief sought herein include Sections

6  105(a) and 363, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure

7  ("Bankruptcy Rules") and applicable local rules and administrative orders.

8        **BACKGROUND**

9        5.      Debtor owns real property located at 461 NE 3rd Avenue in Canby,

10  Oregon (the "Property").  Since of the Petition Date, Debtor's intent has been to sell the

11  Property and pay its creditors in full.

12        6.      The Property was listed for sale for $2,275,000.

13        7.      On August 8, 2019, Debtor received an offer from Watumull to

14  purchase the Property for $2,000,000 (the "Purchase Price").

15        8.      After due consultation with its advisors, Debtor exercised its business

16  judgment to enter into a purchase and sale agreement with Watumull for the sale of the

17  Property (the "PSA") because the sale is in the best interest of the estate.

18        9.      A copy of the PSA is attached hereto as **Exhibit A** and incorporated

19  herein by reference.

20        **REQUESTED RELIEF**

21        10.     By this Motion, Debtor seeks entry of an order (the "Sale Order"),

22  substantially in the form attached hereto as **Exhibit B,** authorizing and approving the sale of

23  the Property free and clear of all liens, claims, interests, and encumbrances pursuant to

24  Section 363 of the Bankruptcy Code.

25

26

**Page 2 of 7** -   DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS
FREE & CLEAR OF LIENS, CLAIMS, & ENCUMBRANCES

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

**THE PROPOSED SALE**

11.    The principal terms of the PSA are as follows[1]:

Purchaser:                    Watumull Properties Corp.

Purchase Price:                $2,000,000

Assets to be Acquired:    Real property located at 461 NE 3rd Avenue, Canby, OR.

Assumed Liabilities:      Only those liabilities arising in connection with the closing costs.
                          It is contemplated that these will include (i) one half of the escrow
                          fees charged by the title company; (ii) a prorated portion of
                          (a) real property taxes for the tax year in which the sale is closed
                          and (b) lease rents and all operating expenses arising from
                          existing tenancies paid for in the month the sale is closed.

Excluded Liabilities:     All liabilities other than those expressly identified as Assumed
                          Liabilities.

Assumption and            None
Assignment of
Executory Contracts:

12.    In addition to the above general sale provisions, the following sale
provisions are disclosed in accordance with applicable local rules and guidelines:

Sale to Insider:              Watumull Properties Corp. is not an insider as defined in
                          Bankruptcy Code Section 101(31).

Agreements With           Watumull Properties Corp. has not entered into any agreement
Insiders or Management:   with an insider of Debtor.

Sale Free and Clear:      The sale will be free and clear of liens and other interests, and the
                          parties with such interests and the nature of those interests are set
                          forth below.

Liens:                        The Property is encumbered by a lien asserted by Clackamas
                          County and by Thomas Young. Clackamas County has filed a
                          proof of claim for a secured claim in the amount of $82,429.41.
                          Thomas Young has filed a proof of claim for a secured claim in

---

[1] This summary is provided for the convenience of the Court and interested parties and in
compliance with LBF 363. It is not intended to be a complete summary of the PSA. To the
extent there is any conflict between this summary and the PSA, the PSA governs in all
respects.

**Page 3 of 7** -    DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS
                     FREE & CLEAR OF LIENS, CLAIMS, & ENCUMBRANCES

|   |   |
|---|---|
|   | the amount of $1,036,781.97. |
| Releases and Insider Benefits: | None. |
| Private Sale; No Competitive Bidding | An auction is not contemplated because the Purchase Price will pay all claims and administrative expenses in full. |
| Closing Deadlines: | The sale shall close on (i) the later of September 20, 2019 or within 10 days of the due diligence period having run or (ii) the earliest practicable date after entry of the Sale Order. |
| Good Faith Deposit: | $50,000 to be deposited upon completion of due diligence. |
| Interim Arrangement with Proposed Buyer: | None. |
| Use of Proceeds: | Proceeds from the sale will be distributed to pay creditors in full. Pursuant to a further order of the court, proceeds from the sale will also be used to pay all administrative expense holders in full. |
| Record Retention: | After the sale, Debtor will have reasonable access to the books and records as necessary to administer the Chapter 11 case and file final returns as appropriate. |
| Sale of Avoidance Actions: | The sale does not include the sale of any avoidance claims under Chapter 5 of the Bankruptcy Code. |
| Requested Findings as to Successor Liability: | Watumull Properties Corp. shall not be a successor to Debtor and shall have no liability or responsibility for any liability or obligation of Debtor other than as expressly set forth in the PSA. The sale to Watumull Properties Corp. will not subject Watumull Properties Corp. or its affiliates, successors, or assigns, or their respective properties, to any liability for claims against Debtor or Debtor's Assets. |
| Credit Bidding: | The motion does not contemplate credit bidding because the secured creditors will be paid in full from the Purchase Price. |
| Standard for Approval: | The motion seeks approval of the proposed sale pursuant to the Debtor's business judgment standard. |
| Relief from Bankruptcy Rule 6004(h): | This motion requests relief from Bankruptcy Rule 6004(h) because Debtor and Watumull Properties Corp. seek to close the sale by the later of September 20, 2019 or within 10 days of the due diligence period having run, and because all creditors will be paid in full upon closing. |
| Solicitation Process: | Notice of the proposed sale will be given to all parties and creditors in interest but additional offers to purchase the Property will not be solicited for the reasons set forth herein. |

**Page 4 of 7** -   DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS
FREE & CLEAR OF LIENS, CLAIMS, & ENCUMBRANCES

1    13.    To the extent the proposed sale to Watumull does not close, Debtor

2    seeks authority to sell the property free and clear of liens, claims, and encumbrances pursuant

3    to 11 U.S.C. §(f)(1) and (3) to an alternative buyer so long as the purchase price is sufficient

4    to pay all creditors in full.

5                              **BASIS FOR RELIEF REQUESTED**

6    **A.    SALE OF ASSETS**

7        14.    Section 363(b)(1) of the Bankruptcy Code provides that Debtor, "after

8    notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

9    property of the estate."  This provision generally allows a debtor (subject to court approval)

10   to sell property of the estate outside the ordinary course of business where the proposed sale

11   is a sound exercise of debtor's business judgment and when the sale is proposed in good faith

12   and for fair value.  *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel*

13   *Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974,

14   980 (Bankr. W.D. Wash. 1997).  When a debtor articulates a reasonable basis for its business

15   decisions, "courts will generally not entertain objections to the debtor's conduct."  *Comm. of*

16   *Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R.

17   612, 616 (Bankr. S.D.N.Y. 1986).

18       15.    The decision to sell the Property has been approved by Debtor's owner

19   and manager given that the sale of the Property will enable Debtor to promptly pay its

20   creditors in full and will generate adequate proceeds to pay Debtor's administrative expenses

21   in full.  Debtor has determined that it is in the best interests of Debtor's estate to sell the

22   Property under 11 U.S.C. § 363 to Watumull or, to the extent the sale to Watumull does not

23   close, to an alternate so long as the purchase price is sufficient to pay all creditors in full.

24       16.    The PSA was negotiated at arm's length, in good faith, and Debtor

25   believes its terms are fair and reasonable.  Watumull is not an "insider" of Debtor.

26

**Page 5 of 7** -    DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS
                     FREE & CLEAR OF LIENS, CLAIMS, & ENCUMBRANCES

**B.    SALE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

17.    Debtor requests that the Court authorize the sale free and clear of all liens, claims, and encumbrances which may be asserted against the Property, with any such liens, claims, interests, and encumbrances attaching to the proceeds of the sale.  Watumull will have no successor liability to any creditor who holds a claim as of the closing date except as specifically stated in the PSA, and all such creditors will be forever enjoined from seeking to enforce or collect any such claim from or against Watumull.

18.    Watumull will only buy the Property if it is "free and clear" of liens.

19.    Holders of liens and interests in the Property will be adequately protected because they will be paid in full from the sale proceeds.

**C.    NON-APPLICABILITY OF STAY**

20.    In addition to the other sale-related relief sought herein, Debtor requests that the Court specifically find inapplicable any stays that might otherwise inhibit Debtor's ability to close the proposed transaction for the sale of the Property immediately after the Court enters an order approving the transaction, including, without limitation, those arising under Bankruptcy Rule 6004.  Any delay in a closing of the sale would mean substantial potential harm to Debtor, its creditors, and its estate as the terms of the proposed sale require closing on or before the later of September 20, 2019 or 10 days after the due diligence period has run.

**NOTICE**

21.    Debtor proposes to give notice of this Motion and the Sale Hearing as follows:  serve a copy of this Motion and the Sale Notice upon (a) counsel for the secured creditors; (b) Watumull; (c) all persons or entities required to be served pursuant to orders of this Court; (d) all parties who have filed requests for notice under Bankruptcy Rule 2002 as of the date of service; (e) all persons or entities who to the knowledge of Debtor hold a lien

**Tonkon Torp LLP**
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 18-34413-tmb11    Doc 71    Filed 08/16/19

1  upon the assets; (f) the Office of the United States Trustee; and (g) all creditors and parties in
2  interest reflected in the mailing matrix on file with the Court.

3          22.     Debtor submits that such notice constitutes good and sufficient notice
4  of the Motion, and all proceedings to be held thereon and that no other or further notice need
5  be given.

6          WHEREFORE, Debtor respectfully requests that the Court enter an order
7  (1) approving the sale of the Property to Watumull (or an alternate buyer); (2) approving
8  such sale free and clear of all liens, claims, and encumbrances, with such interests attaching
9  to the sale proceeds; (3) declaring that Watumull (or an alternate buyer) will have no
10 successor liability; (4) declaring all stays, including, without limitation, those arising under
11 Bankruptcy Rule 6004 inapplicable; and (5) such other and further relief as may be just and
12 proper.

13         DATED:  August 16, 2019.

14                          TONKON TORP LLP

15

16                          By /s/ Ava L. Schoen
17                             Albert N. Kennedy, OSB NO. 821429
                               Ava L. Schoen, OSB No. 044072
18                             Attorneys for Debtor

19 040409/00001/10264601v1

20

21

22

23

24

25

26

**Page 7 of 7** -    DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS
                      FREE & CLEAR OF LIENS, CLAIMS, & ENCUMBRANCES

# EXHIBIT A

## PURCHASE AND SALE AGREEMENT

# WATUMULL Properties Corp.

August 8, 2019

Allen Patterson
Capacity Commercial Group
805 SW Broadway, Suite 700
Portland, OR 97205

Dear Allen:

Watumull Properties Corp. or assignee hereby offers to purchase from Seller the property located at 461 NE 3rd Avenue Canby, Oregon.

This offer to Purchase is made on the following terms and conditions:

1. <u>Price and Payment</u>: The total Purchase Price shall be Two Million Dollars and no/100 ($2,000,000.00 ) which will be paid at closing in cash.

2. <u>Escrow</u>: Within seven (7) working days* after Buyer's approval described in Paragraph (8) below, Buyer and Seller shall open escrow with Fidelity Title. Buyer shall deposit into escrow Fifty Thousand Dollars and no/100 ($50,000.00) in cash, which sum including interest shall be applied toward the Purchase Price at the close of Escrow.

3. <u>Closing</u>: Closing shall take place on September 20, 2019 or ten (10) days after Buyers approval in paragraph 8 whichever is later.

4. <u>Proration and costs</u>: Real Property Taxes, lease rents and all operating expenses shall be prorated at the close of Escrow. Seller shall pay the cost of any documentary transfer tax; Buyer and Seller shall each pay one-half of the Escrow fee.

5. <u>Delivery of Title and Title Insurance</u>: Seller shall deliver a Warranty Deed at the close of Escrow. Seller shall also deliver the Property to Buyer or assignees of Buyer free and clear of liens and encumbrances other than liens for Taxes not yet payable. Seller shall deliver an ~~Alta Survey and extended~~ owner's policy of Title Insurance showing good and marketable title free and clear of any encumbrances unacceptable to · Buyer except easements necessary to the operation of the property.

6. <u>Documentation</u>: Within Five (5) days after acceptance of this offer to Purchase by Seller, Buyer and Seller shall execute a formal Earnest Money Agreement, which embodies the terms and conditions of this letter agreement. This transaction is not contingent upon signing a formal Earnest Money Agreement.

307 Lewers Street, 6th Floor, Honolulu, Hawaii 96815 (808) 971-8800

*All references to "days" to complete any and all tasks referenced herein shall be "calendar days" except for the days found in section 8 paragraph a.

7. Broker's Commission: Buyer acknowledges that he is represented by JLL and Seller is represented by Capacity Commercial Group. Seller shall pay a commission equal to 5% of the sales price at the close of escrow. Said fee shall be split 50% to JLL, 50% to Capacity Commercial Group.

8. Buyer's Approval: Close of Escrow in performance of Buyer are expressly conditioned upon Buyer's approval of each of the following within the specified time period.

a. Within Thirty (30 business ) days after Sellers acceptance herein, Buyer shall complete physical inspections of the Property and notify Seller of Buyer's approval or disapproval.

b. Within seven (7) days after Buyer's receipt from Seller of a preliminary title report with copies of all underlying title documents, Buyer shall examine such report and notify Seller of Buyer's approval or disapproval.

c. Within seven (7) days after receipt from Seller of all relevant operating documents, Buyer shall notify Seller of Buyer's approval or disapproval. Such documents shall include the following copies of leases, engineering reports, contracts, financial statements together with any amendments thereto, copies of any existing notes and trust deeds which encumber the Property, inventory of personal property and copies of plans and specifications and any available tenant financial statements.

d. Within seven (7) days after Buyer's receipt from Seller of a current hazardous material inspection report prepared by a licensed contractor, Buyer shall notify Seller of Buyer's approval or disapproval.

e. Within ten (10) days after Buyer's receipt from Seller of an inspection report from a licensed roofing contractor approved in advance by Buyer, discussing the integrity of the existing roofs, Buyer shall notify Seller of Buyer's approval or disapproval. Roofing Inspection to be performed at Buyer's expense.

9. Representation, Warranties and Covenants of Seller: Seller hereby represents and warrants to and covenants with Buyer that:

a. Seller owns the Property free and clear of any and all liens, claims, encumbrances and adverse interests other than as will be shown on the preliminary title report and has full right power and authority to convey Property in accordance with its terms, subject to court approval.

b. Seller has complied with all and neither Seller nor Property is in violation of any applicable federal, state or local statues, ordinances orders requirements laws or regulations (including without limitation building, subdivision, zoning and environmental laws) affecting Property.

c. No notices of violation of any applicable statue, law, ordinance, rule regulation, order or requirement or of any covenant, condition, restriction or easement on the Property have been given and Seller knows of no such violation.

d. Seller does not have knowledge of (i) any intended public improvement, which may result in the creation of any lien upon Property or (ii) any intended or proposed federal, state or

local statues, ordinances, order requirement, laws or regulations (including, but not limited to, zoning changes or moratoria or eminent domain) which may adversely affect the use or development of the Property or (iii) any suit, action, claim or legal or administrative, arbitration or other pending or to the best knowledge of Seller, threatened or contemplated against or affecting the Property or (iv) that the zoning is not in compliance with existing use.

e. To the best knowledge of Seller after due and diligent inquiry, Seller has not participated in or approved nor has there occurred any production, disposal or storage on the Property of any hazardous waste or any toxic substance nor does any waste substance exist on the Property or any migration of such waste or substance from or to the adjoining Properties.

10. <u>Sellers Acceptance:</u> When this offer is executed by both parties, it will constitute an enforceable agreement on the part of the Buyer and the Seller to transfer the Property described herein, on the terms contained in this letter. The parties will also be obligated to diligently and in good faith prepare and execute the Purchase Contract referred in Paragraph (6). If Buyer or an authorized agent has not signed this counteroffer accepting on behalf of Buyer and delivered a copy to Seller on or before 5:00 P.M. PST August 12, 2019, this offer shall be automatically deemed expired.

ACCEPTED AND AGREED:                          ACCEPTED AND AGREED:

Seller: Davis Properties LLC                   Buyer: Watumull Properties Corp.

By: _J.T. Davis_ MANAGER                       By: _____

Date: _13 AUGUST 2019_                          Date: _8/16/19_

# EXHIBIT B

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 18-34413-tmb11 |
| Davis Properties, LLC, | **ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES** |
| Debtor. | |

THIS MATTER having come before the Court upon Debtor's Motion for Order Approving Sale of Debtor's Assets Free and Clear of Liens, Claims, and Encumbrances; (the "Motion") [ECF No. _____], a hearing having been held before the Court, and the Court being duly advised in the premises and finding good cause; now, therefore;

IT IS HEREBY ORDERED that:

1.     The Motion is GRANTED;

2.     Debtor is authorized to sell the real property located at 461 NE 3rd Avenue in Canby, Oregon (the "Property") to Watumull Properties Corp. ("Watumull") for the purchase price of $2,000,000;

**Page 1 of 3** - ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

3.      To the extent the sale of the Property to Watumull does not close, Debtor is authorized to sell the Property to an alternate buyer so long as the purchase price is sufficient to pay all creditors in full;

4.      The sale of the Property is approved free and clear of all liens, claims, and encumbrances with such interests attaching to the sale proceeds;

5.      Watumull (or any alternate buyer) will have no successor liability to any creditor who holds a claim as of the closing date except as specifically stated in the Purchase and Sale Agreement between Watumull (or the alternate buyer) and Debtor, and all such creditors will be forever enjoined from seeking to enforce or collect any such claim from or against Watumull (or the alternate buyer);

6.      Payment of sales costs by the estate is approved as follows:  real estate broker may be paid consistent with the terms of the employment order entered on January 30, 2019; additional closing costs may be paid to the extent they are usual and customary for transaction of this type; and

7.      All stays, including, without limitation, those arising under Bankruptcy Rule 6004 are inapplicable and this Order shall go into effect immediately upon its entry.

# # #

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB No. 821429
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:     al.kennedy@tonkon.com
               ava.schoen@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties

**Tonkon Torp LLP**
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

## <u>LIST OF INTERESTED PARTIES</u>

**DEBTOR'S NOTICE OF INTENT TO SELL REAL OR
PERSONAL PROPERTY PURSUANT TO 11 USC § 363(F) (LBR 706.5)**

*In re Davis Properties, LLC*
**U.S. Bankruptcy Court Case No. 18-34413-tmb11**

### ECF PARTICIPANTS

- NOAM AMIR-BROWNSTEIN    nab@vf-law.com, srw@vf-law.com
- JONAS V ANDERSON    jonas.v.anderson@usdoj.gov
- JASON M AYRES    jayres@gsblaw.com, krhine@gsblaw.com
- SARAH FLYNN    sarah.flynn@usdoj.gov
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com; spencer.fisher@tonkon.com
- KATHYRN PERKINS    kathryn.e.perkins@usdoj.gov
- AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
- US TRUSTEE, PORTLAND    USTPRegion18.PL.ECF@usdoj.gov

### NON-ECF PARTICIPANTS

**SECURED CREDITORS**

Clackamas County Assessor
Tami Little, County Assessor
150 Beavercreek Road
Oregon City, OR 97045

Thomas Young
11504 NE 266th Street
Battleground, WA 98604

**POTENTIAL BUYER & BROKER**
*Served by First Class Mail*

Watumull Properties Corp
Attn: J. Watumull, President
307 Lewers St., 6th Floor
Honolulu, HI 66815

Tyler J. Shells
Jones Lang LaSalle Brokerage Inc.
1120 NW Couch St., Suite 500
Portland, OR 97209
*Tyler.shells@am.jll.com*

```
Label Matrix for local noticing        Capacity Commercial Group LLC        Davis Properties, LLC
0979-3                                  805 SW Broadway #700                 461 NE 3rd. Ave.
Case 18-34413-tmb11                     Portland, OR 97205-3347              Canby, OR 97013-3717
District of Oregon
Portland
Fri Aug 16 10:20:48 PDT 2019

T.N. Tolls Co                           1050 SW 6th Ave. #700                City of Canby
3505 Walnut Ln                          Portland, OR 97204-1160              222 NE 2nd Ave.
Tillamook, OR 97141-2646                                                     POB 930
                                                                            Canby, OR 97013-0930


Clackamas County Assessment & Tax       Clackamas County Assessor            IRS
150 Beavercreek Rd                      POB 6100                             POB 7346
Oregon City, OR 97045-4302              Portland, OR 97228-6100              Philadelphia, PA 19101-7346


John Davis                              Mighty Mite Industries, Inc.         ODR Bkcy
3198 SW Wallula Ave.                    461 NE 3rd. Ave.                     955 Center NE #353
Gresham, OR 97080-9615                  Canby, OR 97013-3717                 Salem, OR 97301-2555


Thomas O. Young                         Thomas O. Young                      US Trustee, Portland
11504 NE 266th St.                      c/o Noam Amir-Brownstein             620 SW Main St #213
Battle Ground, WA 98604-6520            17355 SW Boones Ferry Rd., Suite A   Portland, OR 97205-3026
                                        Lake Oswego, OR 97035-5225


ALBERT N KENNEDY                        AVA L SCHOEN                         John Davis
888 SW 5th Ave #1600                    888 SW 5th Ave #1600                 Manager
Portland, OR 97204-2030                 Portland, OR 97204-2030              3198 SW Wallula Ave
                                                                            Gresham, OR 97080-9615
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Thomas O. Young                      End of Label Matrix
                                        Mailable recipients    17
                                        Bypassed recipients     1
                                        Total                  18
```